UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DA'NATE TODD LOWE,

    Plaintiff,

        v.                        CAUSE NO. 3:22-CV-836-JD-JPK

ST JOSEPH COUNTY JAIL,
WIENIEWSKI, TONISHA JONES,

    Defendants.

OPINION AND ORDER

Da'Nate Todd Lowe, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lowe alleges that on September 3, 2022, Deputy Wieniewski and Deputy Tonisha Jones at the St. Joseph County Jail pepper sprayed another inmate at the jail for not complying with an order to stop talking. Lowe was nearby and alleges the pepper spray got him also, even though he had his hands up in surrender. He contends that Deputy Wieniewski used pepper spray in violation of jail policy.

Because Lowe was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). However, the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not suffice. *Miranda*, 900 F.3d at 353.

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397.

2

Here, the complaint does not plausibly allege either officer used excessive force against Lowe. He cannot rely on a policy violation to establish a constitutional claim and instead must detail why the facts of his situation violate the constitution. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). The complaint shows that pepper spray was used against another inmate who did not comply with orders. Whether or not that use of force was justified, there is no indication that the officer had reason to believe the pepper spray would spread to Lowe. Negligent conduct does not violate the due process clause, and here there is nothing to suggest that the officer purposely sprayed Lowe or knew that Lowe would also be hit by the pepper spray.

In addition, Lowe names as a defendant the St. Joseph County Jail. However, the jail is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed against the jail.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Lowe may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law

library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Da'Nate Todd Lowe until **February 8, 2023**, to file an amended complaint; and

(2) CAUTIONS Da'Nate Todd Lowe if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 4, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT